**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

PAMELA L. DEPAOLI

        Plaintiff,

        v.                                             CIVIL ACTION NO. 2:04cv635

VACATION SALES ASSOCIATES, LLC,

and

THE BREEDEN COMPANY,

and

ATRIUM CORPORATION,

and

VACATION SALES, INC.,

        Defendants.

*MEMORANDUM OPINION & ORDER*

Before the Court is the Motion of Defendant Breeden Company ("Breeden") for Summary Judgment and the Motion of Defendant Vacation Sales Associates, LLC ("VSA") for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Breeden argues that Pamela Depaoli ("Plaintiff") lacks subject matter jurisdiction over Breeden because the Breeden Company was not the statutory employer of Plaintiff under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) ("Title VII") and the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) ("ADEA"). VSA argues that Plaintiff has not identified sufficient

evidence to create a genuine issue of material fact as to whether VSA engaged in retaliation against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-3(a)). Oral argument is unnecessary as it will not aid the Court's decisional process. The Court has considered the memoranda of the parties and these motions are now ripe for decision. For the reasons set forth below, Breeden's Motion for Summary Judgment is **GRANTED** and VSA's Motion for Summary Judgment is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

For the purposes of these motions, the Court assumes the following facts to be true.[1] Plaintiff is a forty-seven year old female who began working for VSA in or about April 1997. VSA is an affiliate or subsidiary of Breeden. Breeden issued payroll checks to Plaintiff while she was employed with VSA. At all relevant times, Tim Faulkner ("Faulkner") was the President of VSA and George Georgitsis ("Georgitsis") was Vice President of VSA.

In October 2001, VSA created a position entitled "Director of In House Sales," which was neither advertised nor offered to Plaintiff. When Plaintiff inquired about the position, she was told it was being eliminated. However, in November 2001, a male employee was hired for the position. That same month, the senior management of VSA began ongoing harassment of

---

[1] Rule 56(B) of the Local Rules of the United States District Court for the Eastern District of Virginia requires that a motion for summary judgment include a list of undisputed facts. The Court assumes that any facts alleged in the motion for summary judgment are admitted unless controverted by the responding opposition brief. The facts indicated in this section, unless otherwise noted, were admitted by Plaintiff because the affidavits offered by Plaintiff and referred to in her brief did not offer evidence contradicting the statements by Defendant. Pursuant to Rule 56(B) of the Local Rules, the Court accepts those facts not disputed to be admitted and also assumes those facts not disputed specifically by the referenced affidavit to be admitted by Plaintiff.

Plaintiff because of her age and sex. On or about February 27, 2002, Plaintiff reported to Faulkner that David Hamlin ("Hamlin"), the Director of In House Sales, was making disparaging sexual and age-related remarks about Plaintiff's staff and directed her to terminate two of her employees. Faulkner told Plaintiff that he would investigate her complaint. Shortly thereafter, Faulkner told Plaintiff that she could leave the company if she did not like the existing state of affairs, and attempted to place Plaintiff on thirty days probation.

In or about May 2002, the position of Director of In House Sales was vacated. Plaintiff again inquired about the position, and again was told the position was being eliminated. In December 2002, the position was filled by a younger male employee. In or about May 2003, VSA created a position entitled "Director of Sales Managers," which was neither advertised nor offered to any of the sales managers at that time, including Plaintiff.

On March 2, 2003, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The complaint charged that VSA engaged in age and sex discrimination, and retaliation for opposing an unlawful employment practice. When VSA was notified of the charges filed against it with the EEOC, Plaintiff's supervisors increased their harassment of Plaintiff and her staff, and falsified her sales figures in retaliation.

On July 17, 2003, VSA dismissed Plaintiff from her position as Sales Manager. Plaintiff was offered a position as a salesperson working for Hamlin, the subject of Plaintiff's harassment claim. Plaintiff did not find this to be an acceptable alternative. Plaintiff amended her EEOC complaint on November 1, 2003, to reflect the actions taken against her since her initial filing.

On February 27, 2004, the EEOC issued a determination finding VSA unlawfully discharged Plaintiff because of her sex and age, and in retaliation for opposing these unlawful

employment practices.[2] The EEOC made its determination based on a telephone interview with a former VSA employee and VSA was not given the opportunity to refute them.

On October 27, 2004, Plaintiff filed a Complaint against VSA, Breeden, and Breeden Development ("Breeden Dev."). On November 24, 2004, VSA filed its Answer. That same day, Breeden and Breeden Dev. filed their Motions to Dismiss for failure to state a claim. Plaintiff filed her Motion to Amend Complaint on December 1, 2004. On January 13, 2005, the Court granted Plaintiff's Motion for Leave to Amend Complaint. The Court also granted Breeden Dev's Motion to Dismiss, without prejudice, and denied Breeden's Motion to Dismiss.

On January 13, 2005, Plaintiff filed an Amended Complaint. On March 2, 2005, VSA and Breeden filed their Answer. On June 9, 2005, Plaintiff filed another Motion for Leave to Amend Complaint to add Vacation Sales, Inc. ("VS") and Atrium Corporation ("Atrium") as defendants. On July 27, 2005, the Court granted Plaintiff's Motion to Amend. On August 3, 2005, Plaintiff filed her Second Amended Complaint against VSA, Breeden, VS, and Atrium (collectively, "Defendants").

On May 13, 2005, Breeden filed the present Motion for Summary Judgment for lack of subject matter jurisdiction. On May 26, 2005, Plaintiff requested an extension for response to Breeden's Motion for Summary Judgment secure deposition testimony of Breeden's corporate officers. The Court granted Plaintiff's Motion for Extension of Time until September 15, 2005. Plaintiff filed her Reply Brief on September 21, 2005. This matter is now ripe for determination

---

[2] Neither party has provided the Court with a copy of the EEOC Determination in the pleadings currently before the Court. The Court bases its understanding of the EEOC's findings on the excerpt quoted in the pleadings.

by the Court.

On August 26, 2005, VSA filed the present Motion for Summary Judgment on the grounds that no genuine issue of material fact existed.  Plaintiff filed her Reply Brief on September 21, 2005.  This matter is now ripe for determination by the Court.

## II.  LEGAL STANDARDS

### A.  Summary Judgment

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c)); *Haulbrook v. Michelin North Amer., Inc.*, 252 F.3d 696, 700 (4th Cir. 2001) (citing *McKinney v. Bd of Trustees of Mayland Cmty. Coll.*, 955 F.3d 924, 928 (4th Cir. 1992) (stating that "summary judgment should be granted only when it is perfectly clear that no issue of material fact exists, and it is not necessary to inquire further into the facts in order to clarify the operation of the law").  In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).  To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at

322. While courts must take special care when considering a motion for summary judgment in a discrimination case because motive is often the critical issue, "summary judgment disposition remains appropriate if the [non-movant] cannot prevail as a matter of law." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996); *Ennis v. Nat. Ass'n of Bus. and Educ. Radio, Inc.*, 53 F.3d, 55, 62 (4th Cir. 1995)(requiring the plaintiff point to "any circumstance "surrounding . . . discharge that credibly raises an inference of unlawful discrimination).

### III.  DISCUSSION

**A. Breeden's Motion for Summary Judgment**

Breeden has filed a motion for summary judgment pursuant to Fed. R. Civ. Proc. 56 on the grounds that no genuine issue of material fact exists and lack of subject matter jurisdiction. Specifically, Breeden contends that the Court lacks jurisdiction because Plaintiff must allege that the Breeden Company and VSA are a single, integrated enterprise in order for Breeden Co. to be liable under Title VII and the ADEA.

The burden of establishing subject matter jurisdiction rests with Plaintiff. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review. *Id.* at 768-69.

To satisfy the requirements of subject matter jurisdiction, Plaintiff must show that both

Breeden and VSA are her employers. Plaintiff argues that Breeden and VSA are integrated employers such that Breeden will be held liable for all actions taken by VSA.

**1. Integrated Employers**

Title VII and the ADEA authorizes employees to bring claims alleging discriminatory practices against their employers. 42 U.S.C. § 2000e et seq; 29 U.S.C. § 623. To satisfy the employer requirement of Title VII and the ADEA, Plaintiff must show that Breeden and VSA are "integrated employers." *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442 (4th Cir. 1999).

In *Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir.1983), the Sixth Circuit found "the similarity in language of [Title VII and the National Labor Relations Act] indicative of [Congress'] willingness to allow the broad construction of the NLRA to provide guidance in the determination of whether, under Title VII, two companies should be deemed to have substantial identity and treated as a single employer." *Id*. at 1336. Accordingly, the court adopted the following factors to be used in deciding whether two entities should be treated as a single employer: (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership. *Id.* "[T]he most important requirement is that there be sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer." *Id.* at 1337.

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has never explicitly adopted *Armbruster*'s "single employer doctrine," but in *Johnson v. Flowers Industries, Inc.*, 814 F.2d 978 (4th Cir.1987), the Court discussed a plaintiff's ability to hold a parent corporation liable for the alleged discriminatory acts of its wholly-owned subsidiary. The

7

*Johnson* Court cited *Armbruster* for the proposition that "[t]he parent company is the employer only if it 'exercises a degree of control that exceeds the control normally exercised by a parent corporation,'" *Id.* at 981, and it acknowledged that such control is normally assessed in light of the four factors adopted in *Armbruster. Id.* at n. *.  The Fourth Circuit, however, concluded that "[w]e need not adopt such a mechanical test in every instance; the factors all point to the ultimate inquiry of parent domination [and] ... simply express relevant evidentiary inquiries whose importance will vary with the individual case." *Id.* at 981.  The Court further held that two entities could be considered as a single employer in the following situations: (1) when one entity controls the employment practices and decisions of the other, and (2) when one entity dominates the operations of the other. *Id.*

In accord with *Johnson*, the Fourth Circuit decided in *Hukill v. Auto Care, Inc.*, that the "integrated employer" test "instructs a court to determine what entity made the final decisions regarding employment matters related to the person claiming discrimination." 192 F.3d 437, 444 (4th Cir. 1999) (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)) (citations and internal quotation marks omitted).  In *Hukill*, a Family and Medical Leave Act ("FMLA") case, the corporations each operated at separate locations, filed separate tax returns, held separate shareholder and Board of Director's meetings, conducted separate banking operations, had separate lease agreements, and purchased most goods separately. *Id.* at 439.  The various corporations had several interrelated operations including the commonality of officers and directors, joint bulk purchases, occasional employees transferred between service stations, and letterhead and an advertisement suggesting an affiliation.  However, the *Hukill* court found that because the "control of labor operations is the most critical factor" in determining whether

corporate entities are to be treated as an "integrated employer," the interrelationship of operations was "pale in comparison to the evidence indicating that each company operates separately and distinctly." *Id.* at 443.

> Each company operates at separate locations, files separate tax returns, hold separate shareholder and Board of Director's meetings, conducts separate banking operations, is not undercapitalized, in general, purchases goods separately, enters into separate lease agreements, is not managed day-to-day by the same person, and does not share office space.

*Id.* The *Hukill* court found that no other entity made the final employment decision and therefore those other corporate entities could not be held liable for Plaintiff's claims. *Id.*

### 2. VSA & Breeden Company

Plaintiff has alleged that VSA is an affiliate or subsidiary of Breeden Co., and that all Defendants are "sufficiently intertwined and share a commonality of purpose as well as managerial and employment control" such that they could all be considered one employer. (*Pl. Reply Def. Breeden Summ. Judg.* ¶ 1.) Plaintiff presents evidence in the form of deposition testimony and various corporate documents that could show that Defendants have: (1) common officers and directors; (2) occasional intermingling of personnel; and (3) an informal management fee that allows VSA to solicit policy advice from Breeden.

Even looking at the evidence in the light most favorable to Plaintiff, the facts that Plaintiff believes shows Breeden and VSA were integrated fail to satisfy the test of *Johnson* and *Hukill*. Occasionally, Breeden provides administrative services to VSA for which there is a fee associated. The fact that Ramon Breeden owns both companies and the similar identity of the directors is not enough to suggest Breeden had control over the employment decisions at VSA.

"One hundred percent ownership and identity of directors and officers, are even together, an insufficient basis for applying an alter ego theory to pierce the corporate veil." *Johnson*, 814 F.2d at 982. Plaintiff has ignored, and failed to negate, the fact that VSA: (1) is a separate Virginia Limited Liability Company; (2) owns substantial capital assets; (3) maintained liability insurance at a level commensurate with its business operations; (4) developed and executed marketing and advertising in its own name; (5) filed its own tax returns; (6) leased its own office space; and (7) administered its own medical and dental benefit plans. The evidence supports the conclusion that VSA and Breeden Co. are separate and distinct entities and that Breeden did not have "control over labor relations" at VSA. *See Hukill*, 192 F.3d at 443. Thus, Plaintiff has failed to establish that Breeden is her statutory employer under Title VII. Accordingly, Breeden's Motion for Summary Judgment is **GRANTED**.

**B. VSA's Motion for Summary Judgment**

VSA argues that Plaintiff has not identified sufficient evidence to create a genuine issue of material fact as to whether VSA engaged in retaliation against Plaintiff by manipulating sales data. Plaintiff alleges VSA violated 42 U.S.C. § 2000e-3(a) by attempting to retaliate against Plaintiff because she instituted employment discrimination claims. Section 2000e-3(a) provides in part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter . . ." To state a prima facie claim for retaliation, a plaintiff must allege that (1) plaintiff engaged in protected activity; (2) the employer acted adversely against the plaintiff; (3) the employer's adverse action was causally connected to

the plaintiff's protected activity. *Beall v. Abbott Laboratories*, 130 F.3d 614, 619 (4th Cir. 1997) (citing *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994)). Once a prima facie case is established, the employer has the burden "to rebut the presumption of retaliation by articulating a legitimate nonretaliatory reason for its actions." *Id*. at 619. If the employer can do so, the plaintiff must demonstrate that the employer's proffered reason is a pretext for forbidden retaliation by proving "both that the reason was false and that discrimination was the real reason for the challenged conduct." *Id*.

### 1. Prima Facie Case for Retaliation

To establish a prima facie case of retaliation, element one requires that a plaintiff participated in a protected activity. Title VII provides in part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *See* 42 U.S.C. § 2000e-3(a). Plaintiff in this case has filed an EEOC claim which satisfies the protected activity element.

The second element of a prima facie case of retaliation is that the employer acted adversely against the plaintiff. Plaintiff alleges that her supervisors manipulated her sales data and tour information to lower Plaintiff's sales production.

The third element is that the employer's adverse action was casually connected to the plaintiff's protected activity. Plaintiff alleges that when VSA was notified of the charges filed against it with the EEOC, Plaintiff's supervisors increased their harassment of Plaintiff and her staff, and falsified her sales figures in retaliation. Plaintiff was fired approximately four (4) months after the EEOC filing. Plaintiff has established a prima facie case of retaliation.

### 2. Legitimate, Nonretaliatory Reasons

To rebut Plaintiff's claim of retaliation, VSA provides evidence that Plaintiff's sales production was much lower than her counterparts. VSA argues that even if Plaintiff's retaliation allegations were true, Plaintiff's sale production would have still been considerably lower and would have resulted in her demotion. VSA has articulated a legitimate nonretaliatory reason for Plaintiff's demotion and therefore any presumption raised by Plaintiff's prima facie case "drops from the case." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 255 n. 10 (1981).

### 3. Genuine Issue of Material Fact on Pretext

Because VSA has produced evidence of a legitimate, nondiscriminatory reason for terminating Plaintiff, Plaintiff must now show that VSA's reasons were pretextual. Plaintiff does not dispute that her sales production numbers were lower than other managers. However, Plaintiff alleges that her supervisors engaged in conduct specifically aimed at lowering Plaintiff's sales production numbers. Plaintiff provides testimony from several witnesses attributing statements and conducts to Georgitsis and Faulkner showing several acts of retaliation. These affidavits and depositions are sufficient to create a genuine issue of material fact concerning VSA's actions in terminating Plaintiff. Accordingly, VSA's Motion for Summary Judgment is **DENIED**.

### IV. CONCLUSION

While Breeden and VSA are sufficiently linked through common board members, they are not integrated employers for the purposes of Title VII. Accordingly, Breeden is not Plaintiff's employer and Breeden's Motion for Summary Judgment is **GRANTED**. Plaintiff

has provided enough evidence to create a genuine issue of material fact as to whether VSA's reason for termination of Plaintiff was merely pretextual. Accordingly, VSA's Motion for Summary Judgment is **DENIED**. The Parties are **DIRECTED** to schedule a settlement conference before a United States Magistrate Judge at or before the final pretrial conference.

  The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

  **IT IS SO ORDERED.**

                    /s/
                RAYMOND A. JACKSON
                UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 4, 2005