**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**PAMELA L. DEPAOLI,**

   **Plaintiff,**

  **v.**            **CIVIL ACTION NO. 2:04cv635**

**VACATION SALES ASSOCIATES, LLC,**

   **Defendant.**


***MEMORANDUM OPINION & ORDER***


   This matter is before the Court on Pamela L. Depaoli's ("Plaintiff") Motion for Attorney's Fees, Enhancement of Attorney's Fees, Pre-judgment Interest, and Court Costs and The Breeden Company's ("Breeden") Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 2000e-5(k). Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART** and Breeden's motion is **DENIED**.


**I. FACTUAL AND PROCEDURAL HISTORY**

   Plaintiff is a former employee of Vacation Sales Associates, LLC ("VSA"). On October 27, 2004, Plaintiff filed a complaint against VSA, Breeden, and Breeden Development alleging unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e *et seq.* (2000). On January 13, 2005, Plaintiff amended her complaint. On January 18, 2005,

Breeden Development was dismissed without prejudice.  On November 4, 2005, the Court

granted Breeden's motion for summary judgment and denied VSA's motion for summary

judgment.  *See DePaoli v. Vacation Sales Assocs., LLC*, 425 F. Supp. 2d 709, 717 (E.D. Va.

2005).  A jury trial was held January 17, 2006 through January 24, 2006.  The jury returned a

verdict in favor of Plaintiff for $2.5 million in compensatory damages, $5 million in punitive

damages, and $200,000 in back pay damages.  On January 27, 2006, the Court entered an order

denying any award of front pay damages.

On February 7, 2006, Plaintiff filed a motion for attorney's fees, enhancement of

attorney's fees, prejudgment interest, and costs.  On February 21, 2006, VSA filed a response in

opposition.  Plaintiff filed a reply on March 10, 2006.

On February 14, 2006, Breeden filed a motion for attorney fees.  On March 10, 2006,

Plaintiff filed a response in opposition.  Breeden filed a reply on March 16, 2006.

On April 25, 2006, the Court denied VSA's motion for judgment as a matter of law and

VSA's motion for a new trial.  Also on April 25, 2006, the Court amended Plaintiff's judgment

pursuant to the statutory cap required by 42 U.S.C. § 1981a(b)(3) (2000), limiting the

compensatory and punitive award to $200,000.  In addition, the Court vacated the jury's back pay

award and awarded $208,708.00 in back pay, including prejudgment interest.


## II. LEGAL STANDARD

District courts have the discretion to award reasonable attorneys' fees and costs to a

prevailing party in a Title VII case.  *See* 42 U.S.C. § 2000e-5(k) (2000).  A proper fee award is

determined by calculating a "lodestar fee." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir.

1998).  The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate.  *Id.*  The United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit") has held that the *Johnson* factors are applied in determining the reasonable hours and rate.  *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986).  These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  In addition, "The district court also should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'"  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoting S. Rep. No. 94-1011, at 6 (1976)).  "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980), *quoted in Hensley*, 461 U.S. at 434.  Moreover, the Fourth Circuit has held that, "A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall."  *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

**A. Plaintiff's Motion**

Plaintiff seeks attorney fees for 726.4 hours at a rate of $325.00 per hour for a total of $236,080.00.  Plaintiff also seeks out of pocket expenses of $3,570.19,[1] court costs of $4,426.71,[2] and additional discretionary court costs of $1,254.21,[3] for a total of $9,251.11 in costs.  Finally, Plaintiff seeks prejudgment interest on her back pay award.[4]

Plaintiff must be a prevailing party in order to recover attorney fees.  42 U.S.C. § 2000e-5(k).  Plaintiff is a prevailing party in this case because Plaintiff won a jury verdict and damages award on the merits of her Title VII claim.  *See Farrar v. Hobby*, 506 U.S. 103, 109 (1992).

Proceeding to the *Johnson* analysis, the first two factors to be considered involve the time and labor expended and the novelty and difficulty of the issues.  *Daly*, 790 F.2d at 1075 n.2.  The Supreme Court has held that the "novelty and complexity of the issues" are generally reflected in the number of recorded billable hours.  *Blum v. Stenson*, 465 U.S. 886, 898 (1984).  The Court finds that the questions raised in this lawsuit included the traditional issues common to Title VII litigation.  The issues were moderately difficult to research and argue.

---

[1] The out of pocket expenses include $2,698.48 for travel and lodging, $611.16 for meals, $1.50 for parking, $59.05 for shipping, and $200.00 for a focus group.

[2] The court costs include clerk fees of $150.00, $342.00 for service of summons and subpoena, $3,043.90 for court reporters, $250.00 for printing, and $640.81 for witnesses.

[3] The additional costs include $108.48 for shipping, mailing, and faxing, $52.50 for obtaining medical records, $11.75 for library copying and research, $20.98 for trial supplies, and $1,060.50 for preparation of trial exhibits.

[4] The Court first notes that it awarded Plaintiff back pay in its April 25, 2006 memorandum order.  The total award of $208,708.00 included prejudgment interest.  Therefore, the prejudgment interest component of Plaintiff's motion is MOOT.

VSA presents several objections to Plaintiff's time entries.  First, VSA argues that certain entries are too vague to support an award of fees.  Plaintiff's first submission of time entries included general records such as "Legal research re: Defendants" and "Continued draft and revisions."  Without more explanation, this is too vague to support a fee award.  Plaintiff pursued claims against several defendants in this case and is only entitled to an award of fees with regard to time spent pursuing VSA.  Breeden was awarded summary judgment by the Court, and time spent pursuing claims against Breeden does not qualify for an award of fees.  *See Hensley*, 461 U.S. at 435 (stating that work performed on unsuccessful claims cannot be considered in an award of attorney's fees).

Plaintiff responded to VSA's arguments by submitting a revised set of entries that requests compensation for 726.4 hours.  Plaintiff's revised submission either provides more detail or reduces the hours billed to account for unsuccessful claims.  For example, in Plaintiff's second submission "Legal research re: Defendants" is reduced from 4.6 hours to 2.3 hours to account for research on claims against Breeden.  Other vague entries such as "Conference" have been expanded to "conf w/client - case status update."  Overall, Plaintiff's second submission is more detailed than her first submission.  The entries are more fully descriptive and appear to pertain only to claims against VSA.

VSA argues that time spent on discovery regarding several individuals who are involved with both Breeden and VSA should not be considered for the fee award because it is related to claims against Breeden.  The Court's November 4, 2005 memorandum opinion and order granting summary judgment to Breeden discussed the extent to which VSA and Breeden were integrated companies.  *See DePaoli*, 425 F. Supp. 2d at 715-16.  Although the Court held that

VSA and Breeden were not "sufficiently intertwined" so that they could be considered one Title VII employer, the Court did note that evidence showed the companies had a common owner, common officers and directors, and occasional intermingling of personnel. *Id.* The fact that some of the discovery costs Plaintiff is attempting to recover involve individuals perhaps more closely associated with Breeden than VSA does not mean these costs should be disallowed. This is discovery that Plaintiff would be expected to perform regardless of whether Breeden remained in the lawsuit.

VSA also argues that travel time between Roanoke, Virginia and Norfolk, Virginia should not be included. Plaintiff traveled to Norfolk in order to conduct depositions, attend hearings, confer with opposing counsel and the client, deliver filings, prepare for trial, and try the case. The Court finds that this time represents a reasonable and necessary cost of litigation. Therefore, Plaintiff's counsel's travel time will be included in the lodestar calculation.

VSA's remaining objection to the time billed is that portions are excessive and unreasonable. The Court is not persuaded that Plaintiff's amended time entries are excessive or unreasonable. Plaintiff's amended statement includes sufficient detail to justify the hours billed for some lengthier tasks. For example, "Trial Prep" from Plaintiff's first submission, totaling 7.6 hours, is described as "trial prep - prepare Andes' & Rosenfield cross, prepare exhibits for Rosenfield" in Plaintiff's second submission. In addition, contrary to VSA's arguments, charging time spent preparing Plaintiff's Motion for Inspection of Property and Records is not unreasonable, as at the time the motion was made Plaintiff had a good faith belief that VSA was withholding certain key documents. The fact that the parties later entered into a stipulation concerning these documents is not relevant because work was not unnecessary at the time it was

performed.  Finally, charging time spent defending VSA's Motion to Compel is also not

unreasonable, even though the Magistrate Judge ruled in VSA's favor.  The Supreme Court has

stated that, "Where a plaintiff has obtained excellent results, his attorney should recover a fully

compensatory fee." *Hensley*, 461 U.S. at 435.  When a plaintiff has obtained such results, "[T]he

fee award should not be reduced simply because the plaintiff failed to prevail on every contention

raised in the lawsuit." *Id.*  In this case, Plaintiff fully prevailed against VSA, and is entitled to a

fully compensatory fee.  The fact that Plaintiff lost one discovery dispute is not a justification for

reducing that fee.  In conclusion, Plaintiff's amended statement of 726.4 billable hours is

reasonable and will be used to calculate the lodestar fee.

The third, fifth, sixth, and ninth *Johnson* factors concern the reasonable rate.  These

factors include the skill required, the customary fee, whether the fee is fixed or contingent, and

the experience, reputation, and ability of the attorneys.  *Daly*, 790 F.2d at 1075 n.2.  The

Supreme Court has held that in general any required special skill or experience is "reflected in

the reasonableness of the hourly rates." *Blum*, 465 U.S. at 898.  The reasonable rate is "to be

calculated according to the prevailing market rates in the relevant community." *Id.* at 895.

Plaintiff's attorney has submitted an affidavit stating that he charged Plaintiff $225.00 per

hour for the work on her case, and that this is below the comparable market rate of lawyers with

similar expertise and experience in the Hampton Roads area.  Plaintiff has also submitted an

affidavit from another lawyer, Eric R. Finley ("Finley").  Finley states that $225.00 is a

reasonable rate, and that it is below the market rate for the Norfolk, Virginia area.  In addition,

Plaintiff points toward the affidavit of VSA's counsel, William E. Rachels. Jr. ("Rachels") from

Breeden's motion for attorney fees.  Rachels charged $305.00 per hour in 2004 and $325.00 in

2005 for work done in defending Breeden.  Plaintiff also points toward the affidavit of Robert W. McFarland ("McFarland").  McFarland is an attorney in the Hampton Roads area.  McFarland states that Rachels' rates of $305.00 and $325.00 for 2004 and 2005, respectively, are reasonable.

Plaintiff's attorney's affidavit also details some of his experience and familiarity with labor and employment litigation.  Plaintiff's attorney graduated from the Southern Illinois University School of Law in 1991.  Plaintiff's attorney has been licensed to practice law in Iowa since 1992 and in Virginia since 2003.  His primary areas of practice are in aviation, wrongful death, and labor and employment law.  Plaintiff's attorney states that he has particular expertise in labor and employment law and that he received a Master of Arts Degree in Industrial Relations and Human Resources from the University of Iowa in 1989.  The Court notes Plaintiff's attorney's familiarity and expertise in labor and employment law.

In view of these affidavits, the Court finds that $305.00 for work done in 2004 and $325.00 for work done in 2005 and 2006 are reasonable market rates for this type of litigation in Hampton Roads, Virginia.  This is admittedly above Plaintiff's attorney's contract rate of $225.00, but it is in keeping with the Supreme Court's requirement in *Blum* to consider "the prevailing market rates in the relevant community."  *Id.*  In addition, since these rates were used by VSA and Breeden's attorneys, the Court is further assured that they account for the complexity of the issues in this particular case.

*Johnson* factor four concerns the preclusion of other employment by the attorney because of the case at hand.  *Daly*, 790 F.2d at 1075 n.2.  The Court notes the significant amount of time required to prepare and try the instant case.  This case involved a five day jury trial with the requisite amount of extensive preparation.  The Court finds that the amount of time Plaintiff's

8

attorney was required to devote to this case would have a preclusive effect on his taking other employment.

Plaintiff has not submitted any evidence on *Johnson* factors seven, ten, eleven, and twelve.  These factors include any time limitations involved, the "undesirability" of the case, the professional relationship with the client, and awards in similar cases.  *Id.*  Nonetheless, the Court feels that the hours and rate as determined above are appropriate for an award of attorney's fees. It is important to note that the Supreme Court has stated that, "the most critical factor is the degree of success obtained."  *Hensley*, 461 U.S. at 436.  The Plaintiff in this case asked for a jury verdict of $7.9 million and received combined compensatory and punitive damages of $7.5 million.  The Court awarded a further $208,708 in back pay.  The fact that the damages were statutorily capped at $200,000 does not detract from Plaintiff's success.

In view of this success, Plaintiff argues for a 20% fee enhancement.  The Supreme Court has held that, "[I]n some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435.  However, "Although upward adjustments of the lodestar figure are still permissible, such modifications are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts." *Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986) (internal citation omitted).  The burden is on the movant to show that an enhancement is "necessary to provide fair and reasonable compensation."  *Blum*, 465 U.S. at 901.

A fee enhancement is not appropriate in the instant case.  Plaintiff will be awarded a fee reflecting all of her counsel's reasonable billed hours multiplied by the market rate, considering the *Johnson* factors as discussed above.  This fee represents fair and reasonable compensation for

Plaintiff's counsel, especially in light of the fact that Plaintiff's award is based on a reasonable market rate higher than the rate actually billed to Plaintiff.  Therefore, an enhancement is not "necessary to provide fair and reasonable compensation."  *Id.*

In light of the above, Plaintiff's attorney fee award will be calculated as follows.  Plaintiff billed 41 hours in 2004 and 685.4 hours in 2005 and 2006.  Using $305.00 per hour for 2004 and $325.00 per hour for 2005 and 2006, the total attorney fee award will be $235,260.00.

Plaintiff is also able to recover some costs.  Defendant objects to all of Plaintiff's out of pocket expenses and some of Plaintiff's listed court costs. The Fourth Circuit has held that, "[N]o litigation costs should be awarded in the absence of adequate documentation."  *Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir. 1995).  *Trimper* held that where the only evidence of requested costs was "an unverified 'Chart of Expenses,' with no receipts or bills attached," the district court did not abuse its discretion in disallowing the costs.  *Id.*  In the present case Plaintiff has submitted her own unverified "Trial and Travel Expenses" chart.  For multiple items, Plaintiff has provided neither documentation nor a verifying affidavit.  Plaintiff has, however, provided copies of receipts and invoices for $4,605.38 in litigation costs.[5]  The Court finds that these costs are not unreasonable and will therefore be awarded to Plaintiff.

## B.  Breeden's Motion

Breeden requests $35,646.35 in attorneys' fees and costs.  The Supreme Court has held that, "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without

---

[5] The costs Plaintiff has provided documentation for include: $342.00 in service fees; $3,023.90 in reporter fees, $1,060.50 in exhibit preparation, $20.98 in trial supplies, and $8.00 for fax services.  In addition, the Court has documentation of the $150.00 filing fee.

foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  The assessment of frivolousness is in the discretion of the trial court.  *See Arnold v. Burger King Corp.*, 719 F.2d 63, 66 (4th Cir. 1983).  In determining whether a claim is frivolous, the trial court looks at the evidence produced in support of the claim and when the plaintiffs should have realized the claim was frivolous.  *See Hutchinson v. Staton*, 994 F.2d 1076, 1079-80 (4th Cir. 1993)  An action may be found to be frivolous even though it survives motions for dismissal and summary judgment.  *See id.* at 1081.  Furthermore, the fact that a claim "posed a significant question of law" does not mean that it cannot be held to have been frivolous.  *Id.*

In the present case, Plaintiff claimed that Breeden could be liable on a theory that it was sufficiently integrated with VSA so that they could both properly be considered Plaintiff's employer.  Breeden filed a motion to dismiss, and the Court decided that Plaintiff had adequately stated a claim against Breeden.  During discovery in this case, Breeden filed a motion for a protective order and a motion to quash.  Magistrate Judge Bradberry denied in part the motion for a protective order and denied the motion to quash, stating that, "Until discovery is taken, plaintiff has no way of knowing which of the deposed parties may exercise control over which of the corporations now or potentially involved in the litigation before the court."  Magistrate Judge's Order 2, July 27, 2005.  Plaintiff was not acting frivolously in attempting to discover information regarding the interlocked nature of VSA and Breeden.  By the summary judgment stage, Plaintiff was able to show that Breeden and VSA had a common owner, common officers and directors, and intermingling of personnel.  *See DePaoli*, 425 F. Supp. 2d at 715-16.  Although Breeden did

11

prevail on summary judgment, Plaintiff's claim was not frivolous.  Therefore, Breeden will not be awarded attorney fees.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Attorney's Fees, Enhancement of Attorney's Fees, Pre-judgment Interest, and Court Costs.  Plaintiff is awarded attorney's fees of $235,260.00 and costs of $4,605.38.

The Court **DENIES** Breeden's Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 2000e-5(k).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 2, 2006

12